UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. ___3:20-cv-01192___

JEFFERY EDWARDS,

    Plaintiff,

v.

AFNI, INC.,

    Defendant.
_____/

## COMPLAINT

**NOW COMES** JEFFERY EDWARDS through undersigned counsel, complaining of Defendant, AFNI, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. JEFFERY EDWARDS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at Green Cove Springs, Florida.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. AFNI, INC., ("Defendant") is a corporation organized and existing under the laws of Illinois.

9. Defendant has its principal place of business at 404 Brock Drive, Bloomington, Illinois 61701.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. On or around June 2020, Plaintiff started receiving collection calls from Defendant.

14. Once Plaintiff answered, Defendant would ask for Plaintiff's wife.

15. When Plaintiff requested additional information related to the phone calls, Defendant advised that they would not release any information.

16. During the answered calls, Plaintiff advised Defendant's representative that he did not owe the subject debt and that requested that Defendant stop calling him.

17. Despite Plaintiff's requests, Defendant's collection calls continue to Plaintiff's phone.

18. In total, Defendant placed at least 15 harassing collection calls to Plaintiff after Plaintiff requested that the collection calls cease.

19. On information and belief, Defendant sought to collect on unpaid credit card debt.

20. On information and belief, the debt Defendant sought to collect is a "debt" as defined by 15 U.S.C. § 1692a(6).

21. On information and belief, the debt Defendant sought to collect is a "claim" as defined by M.C.L. § 339.901(1)(a).

22. On information and belief, the debt Defendant sought to collect is a "debt" as defined by M.C.L. § 339.901(1)(a).

23. In total, Defendant placed at least 15 harassing collection calls to Plaintiff after Plaintiff requested that the collection calls cease, including calls from the phone numbers (877) 284-4308.

## DAMAGES

24. Defendant's harassing collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

25. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

26. Moreover, each time Defendant placed a collection call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

27.     Due to Defendant's refusal to cease its collection calls, Plaintiff was forced to file this action to compel Defendant to cease its unlawful collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

28.     Paragraphs 13 through 27 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692c**

29.     Section 1692c(a)(1) provides:

[a] Communication with the Consumer generally without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt:

> (1): at any usually time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

30.     Defendant violated 15 U.S.C. § 1692c(a)(1) by repeatedly or continuously calling Plaintiff's after being told to stop.

31.     Defendant's behavior of systematically calling Plaintiff in an attempt to collect Plaintiff's wife alleged debt after they knew the collection calls would be inconvenient is a clear violation.

32.     Without question, Defendant's phone calls to Plaintiff were made with the knowledge that the calls were coming at an inconvenient time.

### **Violation(s) of 15 U.S.C. § 1692d**

33. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

34. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff's after being told to stop.

35. Defendant's behavior of systematically calling Plaintiff in an attempt to collect Plaintiff's wife alleged debt was abusive and harassing.

36. Without question, Defendant's phone calls to Plaintiff were made with specific intent of abusing, annoying and harassing,

37. Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(1) and d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. § 1692c(a)(1) and d(5);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## COUNT II:
## Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

41. Paragraphs 13 through 27 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

42. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

43. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

6

44. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 20, 2020

Respectfully submitted,

**JEFFERY EDWARDS**
By: */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com